UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE THE ANTIOCH COMPANY, ET AL., | ) ) | Case Nos. 08-95741 through 08-95747 |
| Debtors | ) ) | (Jointly Administered) |
| | ) | |
| THE ANTIOCH COMPANY LITIGATION TRUST, W. TIMOTHY MILLER, TRUSTEE, | ) ) ) | Judge Guy R. Humphrey Adv. Proc. No.: 3:09-03409 |
| Plaintiff | ) | |
| vs. LEE MORGAN, et al. | ) ) | |
| Defendants | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT GREATBANC TRUST COMPANY'S
MOTION FOR ABSTENTION, OR, IN THE ALTERNATIVE, TO DISMISS**

For the reasons set forth below, this Court should abstain from considering the claim against Defendant GreatBanc Trust Company ("GreatBanc") in this Adversary Proceeding, or, in the alternative, this Court should dismiss GreatBanc from this Adversary Proceeding.

**I.      INTRODUCTION**

In Count II of the Complaint, Plaintiff, The Antioch Company Litigation Trust (the "Litigation Trust"), through W. Timothy Miller, Trustee (the "Litigation Trustee"), asserts a single claim against GreatBanc: "aiding and abetting" breaches of fiduciary duty allegedly committed by Defendants Lee Morgan, Asha Morgan Moran, Ben Carlson, Jeanine McLaughlin, Denis Sanan, Malte Von Matthiessen, Nancy Blair, Chandra Attiken, and Houlihan Lokey relating to a 2003 transaction involving The Antioch Company Employee Stock Ownership Plan (the "ESOP"). As a threshold matter, this Court should abstain because the claim that the Litigation Trustee seeks to assert against GreatBanc in this Adversary Proceeding arises out of the same core facts as claims brought by the present ESOP Trustee and certain ESOP

DB1/64579600.3

participants in pending litigation in the United States District Court for the Northern District of Illinois, *Fish, et al. v. GreatBanc Trust Company, et al.,* 09-cv-1668 (N.D. Ill) (the "Fish Litigation"). If this Court does not abstain, it should dismiss GreatBanc from this Adversary Proceeding on the grounds set forth in GreatBanc's Motion, as more fully explained below.

## II.    THE PERTINENT ALLEGATIONS OF THE COMPLAINT

The Antioch Company ("Antioch") established the ESOP in 1979 to provide retirement benefits for employees. (Complaint ¶42.) The ESOP was one of several shareholders, owning approximately 42.8 percent of the Company's stock. (Complaint ¶43.) As a subchapter S corporation, Antioch's ownership structure had tax implications for the company. (Complaint ¶44.) Non-ESOP shareholders had to pay taxes on corporate earnings, but the ESOP was not subject to income tax liability on dividends or other distributions. (*Id.*)

In 2003, Lee Morgan, Asha Morgan Moran, and other non-ESOP shareholders sought to sell their interests in Antioch. (Complaint ¶¶ 45, 47.) Antioch proposed a transaction whereby the non-ESOP shareholders would sell their shares to Antioch and Antioch would merge with a new entity, resulting in the ESOP owning 100% of the new entity (the "ESOP Transaction") (Complaint ¶¶48, 68-69). A condition of the Transaction was that the ESOP would not tender its shares of Antioch stock. (Complaint ¶75.)

In August of 2003, Antioch retained GreatBanc to serve as independent trustee of the ESOP for the ESOP Transaction. (Complaint ¶50) GreatBanc, on behalf of the ESOP, negotiated into the ESOP Transaction certain protections for ESOP participants that had not existed in the ESOP Transaction, as proposed, including a "Put Price Protection" which guaranteed that the Company would redeem stock of terminated participants for certain minimum prices. (Complaint ¶77.) On November 14, 2003, Antioch issued a Prospectus and Tender Offer to all shareholders. (Complaint ¶68.) GreatBanc determined that it was in the best

DB1/64579600.3                                              2

interest of ESOP participants and beneficiaries to decline to tender the ESOP's shares to the Company. (Complaint ¶77.)

The ESOP Transaction closed on December 16, 2003 and the ESOP became the sole shareholder of the Company. (Complaint ¶88.) Immediately after the Transaction, GreatBanc was terminated as ESOP trustee. (Complaint ¶77.) Antioch filed for bankruptcy reorganization in 2008. (Complaint ¶162.)

### III.    THIS COURT SHOULD ABSTAIN

On March 17, 2009, four ESOP participants, Bonnie Fish, Christopher Mino, Monica Lee Woosley, and Lynda D. Hardman, filed the Fish Litigation against Lee Morgan, Asha Morgan Moran, Chandra Attiken, and GreatBanc in the United States District Court for the Northern District of Illinois.[1] Shortly thereafter, the Litigation Trust filed in this Court its Motion of the Trustee of The Antioch Company Litigation Trust For an Order Enforcing the Confirmation Order ("Enforcement Motion") seeking to prevent the plaintiffs in the Fish Litigation from proceeding with their action in the Northern District of Illinois. (Dkt. 421.) In response to the Defendants' Joint Motion to Hold Case In Abeyance Pending Ruling in Bankruptcy Court Proceedings. (N.D. Ill. Dkt. 74), Judge Milton Shadur invited the Litigation Trustee to address his claims before the Northern District of Illinois. (N.D. Ill. Dkt. 78 and 79).

This Court *denied* the Litigation Trustee's Enforcement Motion and invited the Litigation Trustee to intervene in the Fish Litigation:

> After reviewing the filings in this case, including the Trustee Motion, the Trustee Motion Objection and the reply, the Abstention Motion and the Abstention Motion Objection, the Plan, the Confirmation Order and the Memorandum issued by the District Court, the court determines that the interests of justice and the principle of comity with the District Court compel this court to abstain from the Contested Matter and, particularly, from determining the ultimate issue raised by

---

[1] On May 27, 2009, Evolve Bank & Trust, the present ESOP Trustee joined as a plaintiff in the Fish Litigation.

the Litigation Trustee – whether the claims asserted by the Fish Litigation Plaintiffs belong exclusively to the Litigation Trust and Litigation Trustee or whether the Fish Litigation Plaintiffs have independent claims relating to the ESOP which they may pursue on their own in the District Court. Based upon the Memorandum Order and Federal Rule of Civil Procedure 24, it appears that the Litigation Trustee may intervene in the Fish Litigation to assert his rights in that action to have issues raised by the Contested Matter determined in the District Court. In fact, the District Court in its Memorandum has invited him to do so. It is appropriate for this court to abstain from the issues raised by the Motion. Section 1334(c)(1) of Title 28 provides as follows: Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. § 1334(c)(1). This provision not only applies to a bankruptcy court's abstention from state court proceedings, but also "in the interest of justice" with respect to matters pending in other district courts. (Dkt. 460 at pp. 11-12)

The Litigation Trust's claim against GreatBanc in Count II of the Complaint in this Adversary Proceeding arises out of the same core facts as the claims asserted against GreatBanc in the Fish Litigation by the current ESOP Trustee and certain ESOP participants. The Litigation Trustee has not sought to intervene in the Fish Litigation, although he has been invited to do so by Judge Shadur and by this Court. This Court's analysis in its prior Order regarding the Litigation Trustee's Enforcement Motion is equally applicable here.

Accordingly, as a matter of equity and in furtherance of judicial economy, this Court should abstain from considering the claim against GreatBanc asserted by the Litigation Trustee in this Adversary Proceeding.

### IV. IF THIS COURT DOES NOT ABSTAIN, IT SHOULD DISMISS GREATBANC FROM THIS ADVERSARY PROCEEDING

#### A. The Litigation Trustee Cannot Bring Claims Against GreatBanc

The Litigation Trust was established and the Litigation Trustee was appointed pursuant to the Second Amended Plan, to pursue claims and causes of action transferred to it by the Debtors and their Estates. The Litigation Trust does not control, and the Litigation Trustee has no

authority or standing to assert, claims which belong to the ESOP Trustee or ESOP Participants.

The Confirmation Order expressly provides:

> 43. Nothing herein, including but not limited to Section 5.13 of the Plan, is intended to effectuate a transfer of any ESOT Participant Claims to the Litigation Trust or to any third party. Such ESOT Participant Claims shall survive the entry of this Confirmation Order and will remain the sole and exclusive property of each such Holder of an ESOT Allocated Stock Interest, except insofar as such ESOT Participant Claims are limited by Section 10.6 of the Plan, discharged pursuant to Section 1141(d) of the Bankruptcy Code or the Plan, or affirmatively released by such Holder of an ESOT Allocated Stock Interest through execution of a Class 7 Release Form. For the avoidance of doubt, any and all claims, rights of action, suits or proceedings that are not Business Litigation Claims and that any party in interest, including any Holder of an ESOT Allocated Stock Interest, could have asserted derivatively by, through or on behalf of the Debtors or their Estates constitute Litigation Trust Assets and shall be contributed, transferred and assigned in their entirety by the Debtors and their Estates to the Litigation Trust. As used in this paragraph "ESOT Participant Claims" means any and all claims, causes of action or rights of any Holder of an ESOT Allocated Stock Interest other than claims, causes of action or rights asserted by, through or on behalf of the Debtors or their Estates.

Pursuant to the Confirmation Order, the Litigation Trust possesses only claims which belonged to the Debtors and their estates, and does not own, and therefore cannot assert, claims belonging to the ESOP Trustee or ESOP Participants.

No claims of the Debtors or their estates could have existed as of the Confirmation Date because GreatBanc, in its capacity as ESOP Trustee, owed a duty only to the ESOP Participants and not to the Debtors or their estates. As explained in greater detail in Section B, below, ERISA §502(a)(3) provides that only a participant, beneficiary, or fiduciary may bring a cause of action against an ESOP trustee for breach of fiduciary duty.

B.      **ERISA Preempts The Litigation Trust's Claim Against GreatBanc**

The Litigation Trust's claim against GreatBanc arises solely out of the 2003 ESOP Transaction.  Indeed, the Litigation Trustee admits that this Adversary Proceeding has been brought to recover purported *lost retirement savings* of current and former Antioch employees. (Complaint ¶1)(emphasis added).  An ESOP is an individual account plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  ERISA §3(34) (29 U.S.C. §1002(34)).  GreatBanc served as the independent trustee for the ESOP and was an ERISA fiduciary as defined by ERISA §3(21) (29 U.S.C. §1002(21)).  Accordingly, GreatBanc's duties were governed by ERISA and flowed solely to the ESOP's participants and beneficiaries for the excusive purpose of providing benefits to participants and their beneficiaries.  ERISA §404(a) (29 U.S.C. §1104(a)), and *see Berlin v. Michigan Bell Tele. Co.,* 858 F.2d 1154, 1162 (6th Cir. 1988) (All decision regarding an ERISA plan must be made solely with an eye to the interests of participants and beneficiaries.)

It is undisputed that GreatBanc served solely as ESOP Trustee (Complaint ¶75) and only for a very short period of time (Complaint ¶77).  Because GreatBanc served solely as ESOP Trustee, as a matter of law, civil enforcement of GreatBanc's duties is available only pursuant to ERISA §502(a) (29 U.S.C. §1132(a)) which permits only *participants, beneficiaries and other ERISA fiduciaries* to file suit to recover benefits, obtain equitable relief, and *assert claims for breach of fiduciary duty*.

ERISA is a "comprehensive legislative scheme," which includes an "integrated enforcement mechanism," set forth in ERISA § 502(a), 29 U.S. C. § 1132(a).  *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004).  Federal courts routinely reject repackaging ERISA claims as state law claims, *Smith v. Provident Bank,* 170 F.3d 609 (6th Cir. 1999).  ERISA § 502(a) "is a distinctive feature of ERISA, and essential to accomplish Congress' purpose of creating a

comprehensive statute for regulation of employee benefit plans." *Id*. To this end, the United States Supreme Court has stated:

> The detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

*Id*. at 208-09 (quoting *Pilot Life Ins. Co. v. Dedeuax*, 481 U.S. 41, 54 (1987)).

The preemptive force of ERISA § 502(a) is not limited "to the situation in which a state cause of action precisely duplicates a cause of action under ERISA § 502(a)." *Id*. at 216. "The pre-emptive force of ERISA § 502(a) is still stronger." *Id*. at 209. Thus, "any state law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive, and is therefore pre-empted." *Id*. at 209.

The force of ERISA's preemption is strong and its scope is wide. *FMC Corp. v. Holliday,* 498 U.S. 52, 58 (1990). To deter the repackaging of ERISA claims under the guise of state law, the Sixth Circuit has held that ERISA preempts substitute common law claims that merely attach state-law labels to ERISA claims. *Smith,* 170 F.3d at 615-16. The key to analysis is not the label placed on the claim, but whether the claim is for the recovery of an ERISA plan. *Id.* at 615. Because the Litigation Trustee has admitted that this Adversary Proceeding has been brought to recover *retirement* benefits, the Litigation Trust's claim against GreatBanc is preempted by ERISA.

In Count II of the Complaint in this Adversary Proceeding, the Litigation Trustee asserts that GreatBanc "aided and abetted" certain fiduciary breaches. Sixth Circuit case law is clear:

each of the "[c]ommon law breach of fiduciary duty claims are clearly preempted by ERISA." *Id.* at 613, and *see Perry v. P*I*E* Worldwide, Inc.*, 872 F.2d 157, 161 (6th Cir. 1989), *cert denied*, 493 U.S. 1093 (1990) (preemption applies to common law breach of fiduciary duty claims, "because ERISA provides a specific remedy for breach of fiduciary duty with respect to establishment of an ERISA plan.") (citing ERISA § 404, 29 U.S.C. § 1104; ERISA § 502, 29 U.S.C. § 1132); *Lee v. MBNA Long Term Disability & Benefit Plan*, 2005 U.S. App. LEXIS 4990, at *36 (6th Cir. Mar. 29, 2005) (state law breach of fiduciary duty claims are preempted by ERISA). Given that each underlying common law breach of fiduciary duty claim asserted by the Litigation Trustee in this Adversary Proceeding is preempted by ERISA, because each such claim relates to the ESOP, it necessarily follows that any corresponding "aiding and abetting" claim also "relates to" the ESOP as well. As such, the "aiding and abetting" claim against GreatBanc is preempted by ERISA and must be dismissed with prejudice.

### C.    The Litigation Trustee Does Not Have Standing To Sue Under ERISA

Because the claim that the Litigation Trustee seeks to bring against GreatBanc in this Adversary Proceeding must instead be brought under ERISA's enforcement mechanisms, the Litigation Trust's claim against GreatBanc fails because the Litigation Trustee does not have standing sue GreatBanc under ERISA. Section 502(a)(2) of ERISA permits only the Secretary of the Department of Labor, plan participants, beneficiaries, and fiduciaries to sue for breach of fiduciary duty. The Litigation Trustee is not a plan participant, is not a beneficiary, and is not a fiduciary to the ESOP. Accordingly, the Litigation Trustee has no standing to sue GreatBanc and Count II should be dismissed.

### D. The Remedy That The Litigation Trust Seeks From GreatBanc In This Adversary Proceeding Is Not Available Under ERISA

The United States Supreme Court has observed, "[b]efore ERISA, nonfiduciaries were generally liable under state trust law for damages resulting from knowing participation in a trustee's breach of duty." *Mertens, et al. v. Hewitt Associates*, 508 U.S. 248, 261 (1993). Now, however, ERISA § 502(a)(3) provides the exclusive remedy for claims of aiding and assisting an alleged breach of fiduciary duty. *Smith*, 170 F.3d at 215 (citing *Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir. 1988)).

Even if the Litigation Trustee had standing to sue under ERISA, the Litigation Trust in this Adversary Proceeding seeks recovery from GreatBanc for *compensatory damages* in an amount in excess of $75,000. However, ERISA 502(a)(2) does not permit participants to recover money damages for an ESOP trustee's breach of fiduciary duty to the Plan. ERISA § 502(a)(2) permits only recovery of losses to the Plan. Because the Litigation Trust is not seeking recovery on behalf of the ESOP, there is no recovery available to the Litigation Trust under ERISA 502(a)(2). Nor is there any recovery available to the Litigation Trust under ERISA 502(a)(3), which allows only "appropriate equitable relief." *Mertens*, 508 U.S. at 262-63.; *Rudowski v. Sheet Metal Workers Intern. Ass'n, Local Union Number 24*, 113 F. Supp 2d 1176, 1181-82 (S.D. Ohio 2000). "Regardless of the availability of an ERISA action against particular defendants, the relief provided by ERISA is the only relief available for the[se] wrongs." *Smith*, 170 F.3d at 615-16. Because the Litigation Trust cannot recover compensatory damages under ERISA, its claim against GreatBanc must be dismissed.

E.  **Any ERISA Claim Against GreatBanc Is Barred By The Statute Of Limitations**

Even if the Litigation Trustee had standing to bring an ERISA claim for breach of fiduciary against GreatBanc, such claims would be barred by ERISA's statute of limitations.

The ERISA statute of limitations for a claim of breach of fiduciary duty is either six years after (a) the date of the last act which constituted a part of the breach, or (b) in the case of an omission, the latest date on which the fiduciary could have cured the breach; or three years after the earliest date on which the plaintiff had actual knowledge of the breach. ERISA §413 (29 U.S.C. §1113). The last act which constituted a part of the breach that the Litigation Trustee complains GreatBanc "aided or abetted" is the closing of the ESOP Transaction on December 16, 2003. Therefore, the statute of limitations as to any breach of fiduciary duty claim against GreatBanc relating to the ESOP Transaction expired on December 16, 2009. This Adversary Proceeding was not filed until December 23, 2009, so the Litigation Trust brought its claim against GreatBanc too late.

F.  **A Cause Of Action For Aiding And Abetting A Breach Of Fiduciary Duty Has Not Been Recognized In Ohio**

No cause of action for aiding and abetting a breach of fiduciary duty has been clearly recognized in Ohio. *In re National Century Financial Enterprises,Inc., Inv. Litigation,* 604 F. Supp.2d 1128, 1154 (S.D. Ohio, March 18. 2009) and *see Pavlovich v. National City Bank,* 435 F.3d 560, 570 (6th Cir. (Ohio) 2006) (stating '[i]t is unclear whether Ohio recognizes a common law cause of action for aiding and abetting tortious conduct"), *Village of Oakwood v. State Bank and Trust Co.,* 519 F.Supp.2d 730, 740 (N.D. Ohio 2007) (stating claim of aiding and abetting failed because Ohio does not recognize such a tort). Absent a clear determination by the Ohio

Supreme Court that a common law cause of action for aiding and abetting a breach of fiduciary duty exists in Ohio, this Court should not recognize such a claim.

> **G.    The Litigation Trustee Has Failed To Allege Sufficient Facts To State A Claim For Aiding And Abetting A Breach Of Fiduciary Duty**

Even if the Ohio courts recognized a common law cause of action for aiding and abetting a breach of fiduciary duty, the Litigation Trustee has failed to allege facts sufficient to state such a claim against GreatBanc, particularly under the applicable standards of Rule 8(a)(2) as articulated in *Ashcroft v. Iqbal, supra*.

Federal Rule of Bankruptcy Procedure 7012 provides that Rule 12 of the Federal Rules of Civil Procedure applies in adversary proceedings like the present action.  This Court may dismiss a complaint when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *In re Williams*, 395 B.R. 33, *38-39 (Bankr. S.D. Ohio 2008) (Humphrey, J.) quoting *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F. 3d 545, 548 (6th Cir. 2007).

In ruling on a motion to dismiss, the court must accept all well-pleaded factual allegations as true, but the court does not have to accept legal conclusions couched as facts or recitations of the elements of a cause of action as true. *Fritz v. Charter T'ship of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010).  Indeed, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not suffice to survive a motion to dismiss under Fed. R. of Civ. P. 12(b)(6).  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949

(quoting *Twombly*, 550 U.S. at 555). The Complaint in this Adversary Proceeding fails to meet even the minimal pleading standards and therefore must be dismissed.

A civil "aiding and abetting" claim stems from Section 876(b) of the Restatement (Second) of Torts, which sets forth two elements, each of which must be met to state a claim. *Pavlovich* at 570. To establish a common law claim for aiding and abetting a breach of fiduciary duty against GreatBanc, if such a cause of action were recognized under Ohio law, the Litigation Trustee would need to show that GreatBanc (1) knew that Defendants Lee, Asha, Carlson, McLaughlin, Sanan, Von Matthiessen, and Attiken were breaching their duties to Antioch and (2) that GreatBanc provided substantial assistance or encouragement to these other defendants in carrying out their breach. *Aetna Casualty and Surety Co. v. Leahy Construction Co., Inc.,* 219 F.3d 519, 532-533 (6th Cir. 2000) quoting *Andonian v. A.C. & S., Inc.,* 647 N.E.2d 190, 191-92 (Ohio Ct. App. 1994). Proving GreatBanc's knowledge of the other defendants' breach is of paramount importance in sustaining a claim for aiding and abetting. *Id.* at 534.

There is *not one* fact alleged in the Complaint that GreatBanc had actual knowledge of the alleged breach or provided assistance or encouragement to the other defendants to carry out the breach. In view of the Supreme Court's decision in *Iqbal,* the Litigation Trustee's conclusory allegations that GreatBanc "knew that actions taken by other of the above-named Defendants constituted breaches of fiduciary duties" and that GreatBanc "assisted with or encouraged those breaches of fiduciary duty" fail as a matter of law because these are not sufficient allegations; rather, they are mere conclusions and rote recitations, devoid of facts.

There simply are no facts alleged in the Complaint from which it could be inferred that GreatBanc knew that the conduct alleged in Count I constituted a breach of fiduciary duty. GreatBanc is accused only of not engaging in a good faith process to determine the fair market

value of the Antioch shares as of the date of the transaction (Complaint ¶76) and agreeing to decline to sell ESOP shares in exchange for a Put Price Protection Agreement to benefit ESOP participants (Complaint ¶77). Far from supporting a claim that GreatBanc "aided and abetted" the alleged breach of fiduciary duty by other defendants, the Litigation Trustee's allegations actually support a conclusion that GreatBanc fulfilled its fiduciary duties:

> The directors and officers ignored expressions of concern regarding the disproportionate benefits the transaction would confer on non-ESOP shareholders. When Defendant GreatBanc expressed such concern, Defendants Lee Hoskins reacted by considering GreatBanc's removal as trustee. Defendant GreatBanc also suggested that Antioch obtain an additional appraisal from an independent appraiser prior to the transaction, but Defendant Lee refused to follow GreatBanc's advice. (¶61)

Absent plausible factual allegations of GreatBanc's actual knowledge of the alleged fiduciary breach, the Complaint's formulaic recitation of the elements of a questionable claim of "aiding and abetting" a breach of fiduciary duty do not suffice. *Iqbal*, 129 S.Ct. at 1951.

### H.    Count II Is Barred By The Ohio Statute Of Limitations

Even if this Court were to conclude that aiding and abetting a breach of fiduciary duty exists as a cause of action under Ohio common law and that the Complaint is sufficient to allege such a claim, GreatBanc still must be dismissed because the Ohio statute of limiations that would apply to such a claim expired long before this Adversary Proceeding was filed. The "statute of limitations for a claim of aiding and abetting a breach of fiduciary duty is the same limitations period that would apply to the underlying breach." *Balta v. Ayco Co., LP*, 626 F. Supp.2d 347, 359 (W.D.N.Y. 2009). *See also Geren v. Quantum Chem. Corp.*, 832 F. Supp. 728, 737-38 (S.D.N.Y. 1993) (statute for breach of fiduciary duty concerning claim against a board of directors also applies to claim for aiding and abetting the breach).

Common law breach of fiduciary duty claims are subject to a four year statute of limitations under Ohio law. Ohio Rev. Code § 2305.09(D). *See also Investors REIT One v. Jacobs* (1989), 46 Ohio St. 3d 176, 546, N.E.2d 206; *Helman v. EPL Prolong, Inc*. (Ohio Ct. App. 2000), 139 Ohio App.3d 231, 249-50, 743 N.E.2d 484. Breach of fiduciary duty claims accrue when the act constituting the alleged breach occurs. *Helman v. Epel Prolong, Inc.,* 139 Ohio App. 3d 231, 249 (2000). The "discovery rule" that tolls the statute of limitations under certain causes of action does not apply to breach of fiduciary duty claims. *Id.*

The ESOP Transaction which forms the basis of Counts I and II of the Complaint in this Adversary Proceeding closed on December 16, 2003. Indeed, the Litigation Trustee refers to the ESOP transaction as the "**2003** ESOP Transaction." (Complaint ¶¶81, 83, 129, 186, 191). The actions which Plaintiff alleges comprised the breach of fiduciary duty transpired *before* December 16, 2003. Therefore, any claim for breach of fiduciary duty relating to the 2003 ESOP Transaction expired by *December 16, 2007*. Accordingly, the Litigation Trustee is more than two years too late in bringing any breach of fiduciary duty claim relating to the 2003 ESOP Transaction. Because the underlying breach of fiduciary duty claim is untimely, the aiding and abetting claim against GreatBanc is barred by the statute of limitations.

In other litigation, moreover, the Litigation Trustee has already conceded that its claim against GreatBanc is barred by the statute of limitations. The Litigation Trustee has sued Antioch's pre-petition law firm for professional negligence in *Antioch Litigation Trust, Timothy Miller, Trustee v. McDermott, Will & Emery, LLP,* 09-CV-218 (S.D. Ohio). In the Amended Complaint in this case, the Litigation Trustee alleges that McDermott Will & Emergy "failed to advise the Antioch Board that the statute of limitations on claims against the directors and financial advisors could be found by courts to run as of *December 16, 2007*, or to recommend to

the Board that it conduct an investigation into the merits of any such claims. (*See* Amended Complaint, (Dkt. 15), 09-CV-218 (S.D. Ohio) ¶51)(emphasis added).

The Litigation Trustee cannot have it both ways: he cannot claim entitlement to damages against McDermott Will & Emery for allegedly failing to advise of claims against directors and financial advisors before they became time-barred, and then assert those very time-barred claims against GreatBanc in this Adversary Proceeding.

## V.    CONCLUSION

For all of the reasons set forth herein, GreatBanc respectfully requests that this abstain, or in the alternative, dismiss GreatBanc from this Adversary Proceeding.

GREATBANC TRUST COMPANY

By      /s/ *Julie A. Govreau*
         Julie A. Govreau

MORGAN LEWIS & BOCKIUS LLP
Theodore M. Becker
Julie A. Govreau
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
Phone:  312-324-1000
Fax:  312-324-1001
jgovreau@morganlewis.com
