**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE THE ANTIOCH COMPANY, ET AL., | ) ) | Case Nos. 08-95741 through 08-95747 |
| Debtors | ) ) | (Jointly Administered) |
| | ) | |
| THE ANTIOCH COMPANY LITIGATION TRUST, W. TIMOTHY MILLER, TRUSTEE, | ) ) ) | Judge Guy R. Humphrey |
| | ) | Adv. Proc. No.: 3:09-03409 |
| Plaintiff | ) | |
| vs. | ) | |
| LEE MORGAN, et al. | ) | |
| Defendants | ) | |

**REPLY IN SUPPORT OF DEFENDANT GREATBANC TRUST COMPANY'S MOTION FOR ABSTENTION, OR, IN THE ALTERNATIVE, TO DISMISS**

Defendant GreatBanc Trust Company ("GreatBanc") replies to Plaintiff's, The Antioch Company Litigation Trust, W. Timothy Miller, Trustee (the "Litigation Trust"), Consolidated Memorandum in Opposition (Dkt. 186) (the "Opposition").

The Litigation Trust's Opposition does not put forth any legal basis for its claim against GreatBanc. The Litigation Trust sued 30 different defendants. These various defendants had differing relationships with The Antioch Company (the "Company) but the Litigation Trust paints them all with the same brush. Just because the Litigation Trust sued these 30 defendants, however, does not mean that the law treats each of them the same. Each defendant had a different role, different duties, and different obligations to different parties.

As trustee of The Antioch Company Employee Stock Ownership Plan (the "ESOP"), a plan subject to the statutory and regulatory requirements of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), GreatBanc owed *no* duties to the *Company*. Any claims that could be brought relating to GreatBanc's services as trustee to the *ESOP* are

DB1/64731091.1

exclusively governed by ERISA. This Court should grant GreatBanc's Motion to Dismiss because even if the Litigation Trust had standing and authority to bring its claim against GreatBanc (it does not), its claim would be preempted by ERISA; the Litigation Trust's action was brought more than six years after the alleged breach and its claim against GreatBanc is barred by ERISA's six-year statute of limitations; and Ohio common law does not recognize a cause of action for aiding and abetting breach of fiduciary duty (the only claim the Litigation Trust brings against GreatBanc) but if it did, the claim would be barred by Ohio's statute of limitations. In the alternative, this Court should abstain as to the Litigation Trust's claim against GreatBanc.

## I.  THE LITIGATION TRUST'S CLAIM IS PREEMPTED BY ERISA

### A.  GreatBanc Served As ESOP Trustee And In No Other Capacity

It is remarkable that the Litigation Trust now contends that this case has nothing to do with ERISA when no fewer than 30 paragraphs of its Complaint specifically involve what the Litigation Trust itself has called the "2003 ESOP Transaction" (Dkt. 1, Complaint ¶¶41-52, 68-87). It is beyond dispute that ESOPs are governed by ERISA. In its Complaint, moreover, the Litigation Trust characterizes the 2003 ESOP Transaction as "one of the most significant events precipitating Antioch's financial decline…" (*Id.* at ¶41.)

GreatBanc was retained by the Company to serve as trustee of the ESOP because the ESOP's then trustee, Barry Hoskins, was *conflicted*. (Complaint ¶50) (emphasis added.) The Litigation Trust does not dispute that GreatBanc served as ESOP trustee. Indeed, paragraphs 75 through 77 of the Complaint describe GreatBanc's role as trustee of the ESOP. Conspicuously absent from the Complaint, moreover, is any express allegation that GreatBanc owed any duty to the Company or served in any capacity other than as trustee of the ESOP. The Litigation Trust's

Opposition similarly fails to plead any specific duties that GreatBanc allegedly owed to the Company.

### B. GreatBanc Owed No Duty To The Company

Incorporating by reference (as the Litigation Trust's Opposition instructs us to do) the Plaintiff's Consolidated Memorandum in Opposition to Motions to Dismiss Filed by Defendants Candlewood Partners, LLC; CRG Partners Group, LLC; Michael Epstein; Evolve Bank and Trust; Houlihan, Lokey, Howard & Zukin, Inc., James Northrop; Paul Ravaris; and Reliance Trust Company (Dkt. 148) (the "Opposition to Other Motions to Dismiss"), the Litigation Trust seems to argue that GreatBanc owed a duty to the Company solely because the Company paid GreatBanc's bills.[1] This argument has no support in the law and is contrary to controlling Supreme Court authority. This argument, moreover, is inconsistent with the allegations set forth in the Complaint that GreatBanc became ESOP trustee for the 2003 ESOP Transaction to *avoid a conflict of interest* of the predecessor trustee. (Dkt. 1 at ¶50.)

ERISA §404(a) provides that a trustee shall act solely in the interest of ESOP participants and their beneficiaries for the exclusive purpose of providing benefits to the participants and their beneficiaries. There is nothing in ERISA that provides that a trustee has a duty to act in the interests of the company that sponsors the plan. Nor is there anything in federal common law that creates a duty between an ERISA trustee, such as GreatBanc, and the plan sponsor or its successor. The Supreme Court, examining the duties owed by ERISA fiduciaries, has held that the "fiduciary requirements of ERISA *specifically insulate the trust from the employer's*

---

[1] To the extent that the Litigation Trust seeks to incorporate paragraph 63 of its Opposition to Other Motions to Dismiss which states that "at a minimum, the Trust should be permitted to conduct discovery regarding Reliance's and Evolve's relationships with the Company…" and thereby make a similar request for discovery from GreatBanc, such a request is inappropriate and should be denied. Before filing this Adversary Proceeding the Litigation Trust had access to a great volume of documents produced in the course of the bankruptcy proceeding, including documents regarding the nature and scope of GreatBanc's activities relating to the 2003 ESOP Transaction.

*interest*." *NLRB v. Amax Coal Co.,* 453 U.S. 322, 333 (1981) (emphasis added). Applying the common law of trusts, the Supreme Court held that the trustee "bears an unwavering duty of complete loyalty to the beneficiaries of the trust, *to the exclusion of the interests of all other parties.*" *Id.* at 330 (*citing* Restatement (Second) of Trust §170(1); 2 A. Scott, Law of Trusts §170 (1967)) (emphasis added). Once a trustee is appointed, the trustee must "overcome any loyalty to the interest of the party that appointed him." *Id.* Thus, although GreatBanc was appointed and paid by the Company, its duties were solely to the ESOP participants and their beneficiaries under ERISA. The Litigation Trustee does not cite any case that holds otherwise.

There is no common law fiduciary duty between a plan sponsor and an ERISA trustee. To hold that such a duty exists would result in chaos, as ERISA fiduciaries would be subject not only to the fiduciary requirements of ERISA, but also to the inconsistent fiduciary requirements of each of the 50 states. ERISA's enforcement scheme was designed to prevent this chaos. As the Supreme Court recognized, citing to ERISA's legislative history, the fiduciary provisions of ERISA were designed to prevent a trustee from being put into a position where it has dual loyalties." *Id.* at 334. ERISA was passed, in part, to establish standards of conduct, responsibility, and obligations of fiduciaries of employee benefit plans. 29 U.S.C. §1001(b). Permitting the Litigation Trust's claims to proceed as to GreatBanc would conflict with ERISA's stated objectives as recognized by the Supreme Court.

    **C.**    ***Thurman v. Pfizer* Is Inapposite**

The Litigation Trust cites *Thurman v. Pfizer, Inc.*, 484 F.3d 855 (6th Cir. 2007) in connection with its erroneous argument that its claims are not preempted by ERISA. The *Thurman* case concerned misrepresentations regarding entitlement to wages and retirement benefits made to a prospective employee to induce him to come to work for the company. *Id.* at

858. Because the plaintiff was not a participant in the retirement plan when the misrepresentations were made, the *Thurman* court held that ERISA's fiduciary obligations were not triggered and, therefore, the plaintiff's misrepresentation claims were not preempted by ERISA. *Id.* at 861. Thus, *Thurman* does not apply here. (It is noteworthy, however, that the *Thurman* court held that any claim for *damages* based upon *expected plan benefits* was preempted by ERISA. *Id.* at 862. )

> D.  **The Litigation Trust Lacks Standing And Authority To Bring ERISA Claims Against GreatBanc**

It is not difficult to discern why the Litigation Trust argues (albeit without legal basis) that its claim is not preempted by ERISA: the Litigation Trust has no standing to sue GreatBanc under ERISA for breach of fiduciary duty. Section 502(a)(2) of ERISA permits only the Secretary of the Department of Labor, plan participants, beneficiaries, and fiduciaries to sue for breach of fiduciary duty. The Litigation Trustee is not a plan participant, beneficiary, or ESOP fiduciary.

Furthermore, there is nothing in the Confirmation Order (Dkt. 319) that authorizes the Litigation Trust to bring claims against GreatBanc. Indeed, under the express terms of the Confirmation Order, ESOP participant claims were *not* transferred to the Litigation Trust. The Confirmation Order provides:

> Nothing herein, including but not limited to Section 5.13 of the Plan, is intended to effectuate a transfer of any ESOT Participant Claims to the Litigation Trust or to any third party. Such ESOT Participant Claims shall survive the entry of this Confirmation Order and will remain the sole and exclusive property of each such Holder of an ESOT Allocated Stock Interest… (Dkt. 319 at ¶43.)

The Litigation Trust's Opposition is silent as to its authority to bring its claim against GreatBanc because it has no such authority.

## II. THE LITIGATION TRUST'S CLAIM AGAINST GREATBANC IS BARRED BY THE ERISA AND OHIO STATUTES OF LIMITATIONS.

### A. The ERISA Statute of Limitations

The ERISA statute of limitations for a claim of breach of fiduciary duty is either six years after the date of the last act which constituted a part of the breach, or in the case of an omission, the latest date on which the fiduciary could have cured the breach; or three years after the earliest date on which the plaintiff had actual knowledge of the breach. ERISA §413 (29 U.S.C. §1113). The last act which constituted a part of the alleged breach of fiduciary duty by other defendants that the Litigation Trustee complains GreatBanc "aided or abetted" is the closing of the ESOP Transaction on December 16, 2003. Therefore, the ERISA statute of limitations as to any breach of fiduciary duty claim against GreatBanc relating to the 2003 ESOP Transaction expired on December 16, 2009. This Adversary Proceeding was not filed until December 23, 2009, so the Litigation Trust brought its claim against GreatBanc too late.

### B. The Ohio Statute of Limitations

As discussed in Section III below, Ohio does not does not recognize a cause of action for aiding and abetting a breach of fiduciary duty, but if it did, the Litigation Trust has failed to meet the pleading requirements for such a cause of action. Even if such a cause of action were recognized in Ohio and adequately pleaded, however, the Litigation Trust's claim would be barred by the Ohio statute of limitations. The "statute of limitations for a claim of aiding and abetting a breach of fiduciary duty is the same limitations period that would apply to the underlying breach." *Balta v. Ayco Co., LP*, 626 F. Supp.2d 347, 359 (W.D.N.Y. 2009). Common law breach of fiduciary duty claims are subject to a four year statute of limitations under Ohio law. (Ohio Rev. Code § 2305.09(D)). The breach of fiduciary duty claim accrues

when the act constituting the alleged breach occurs. *Helman v. Epel Prolong, Inc.,* 139 Ohio App. 3d 231, 249 (2000).

The Litigation Trustee has tacitly admitted in paragraph 36 of the Opposition and in paragraph 83 of the Opposition to Other Motions to Dismiss that the statute of limitations for its claims expired in 2007. Absent this Court's application of the doctrine of adverse domination or equitable tolling, which, as discussed below, do not apply, the Litigation Trust's claim against GreatBanc for aiding and abetting a breach of fiduciary duty (if such a cause of action existed in Ohio – it does not) was filed more than two years too late.

### C. Neither The Adverse Domination Or Equitable Tolling Doctrine Applies

The Litigation Trust attempts to avoid the statute of limitations bar by asking this Court to invoke the doctrines of adverse domination and equitable tolling, neither of which are applicable to ERISA causes of action or recognized by Ohio Courts.

The Litigation Trustee does not cite to any case involving an ERISA claim where these doctrines were applied. The statute of limitations in ERISA §413 sets the outer boundaries for bringing a claim – six years.

The Litigation Trustee *admits* that the Ohio courts have not adopted adverse domination or equitable tolling as doctrines that may toll a statute of limitations. Adverse domination has no support in Ohio by statute or judicial decision. *Chinese Mercs. Assoc.,* 823 N.E.2d 900, 903 (Ohio Ct. App. 204). Equitable tolling is available under Ohio law only where a plaintiff demonstrates "actual or constructive fraud by a party in the form of representations that the statute of limitations was larger than it actually was, promises of a better settlement if the lawsuit was not filed, or other similar representations or conduct." *Sabouri v. Ohio Dept. of Job &*

*Family Servs.,* 763 N.E.2d 1238, 1241 (Ohio Ct. App. 2001).  The Litigation Trustee has made no such claim as to GreatBanc.

Because the ERISA and Ohio statutes of limitations expired before the Litigation Trust filed its Complaint, the Litigation Trust's claim against GreatBanc must be dismissed.

**III.  OHIO DOES NOT RECOGNIZE A CAUSE OF ACTION FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, BUT IF IT DID, THE LITIGATION TRUST FAILS TO STATE SUCH A CLAIM**

No cause of action for aiding and abetting a breach of fiduciary duty has been recognized in Ohio.  *In re National Century Financial Enterprises, Inc., Inv. Litigation,* 604 F. Supp.2d 1128, 1154 (S.D. Ohio, March 18, 2009).  The two cases cited by the Litigation Trust (*Pavlovich v. National City Bank,* 435 F.3d 560 (6th Cir. (Ohio) 2006) and *Village of Oakwood v. State Bank and Trust Co.,* 519 F.Supp.2d 730 (N.D. Ohio 2007)) were decided before *National Century*.  In any event, neither of these cases held that a cause of action for aiding and abetting a breach of fiduciary duty is recognized in Ohio.  The court in *Pavlovich* observed that "[i]t is unclear whether Ohio recognizes a common law cause of action for aiding and abetting tortious conduct."  *Pavlovich,* 435 F.3d at 570.  The court in *Village of Oakwood* held that a claim of aiding and abetting failed because Ohio does not recognize such a tort.  *Village of Oakwood*, 519 F. Supp.2d at 740.

Even if aiding and abetting a breach of fiduciary duty were a recognized cause of action in Ohio, the Litigation Trustee has failed to plead that that GreatBanc (1) knew that defendants named in Count One breached their fiduciary duties, and (2) provided "substantial assistance or encouragement" to those defendants.  *Aetna Casualty and Surety Co. v. Leahy Construction Co., Inc.,* 219 F.3d 519, 532-533 (6th Cir. 2000), quoting *Andonian v. A.C. & S., Inc.,* 647 N.E.2d 190, 191-92 (Ohio Ct. App. 1994).  There is *not one* fact alleged in the Complaint that

GreatBanc had actual knowledge of any alleged breach or provided assistance or encouragement to the other defendants to carry out the breach.

The Litigation Trust's conclusory allegations that GreatBanc "knew that actions taken by other of the above-named Defendants constituted breaches of fiduciary duties" and that GreatBanc "assisted with or encouraged those breaches of fiduciary duty" are insufficient to state a claim.  These allegations are devoid of facts and therefore do not meet the pleading requirements adopted by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) which require a plaintiff to state ***plausible*** grounds for relief.  *Twombly,* 540 U.S. at 570 (emphasis added).  The Litigation Trust's conclusory allegations, even when the Complaint is taken as a whole, simply fail to state a plausible claim against GreatBanc for aiding and abetting a breach of fiduciary duty.

### IV. IN THE ALTERNATIVE, THIS COURT SHOULD ABSTAIN AS TO THE LITIGATION TRUST'S CLAIM AGAINST GREATBANC

The Litigation Trustee glosses over GreatBanc's abstention request, although it has substantial merit.  GreatBanc does not dispute the authority of this Court to exercise its jurisdiction, however, the Litigation Trust's allegations against GreatBanc in this Adversary Proceeding are essentially the same as those made in the *Fish* Litigation pending in the U.S. District Court for the Northern District of Illinois (*Bonnie Fish, et al. v. GreatBanc Trust Company, et al.,* Case No.: 1:09-cv-1668).  The Litigation Trust has chosen not to seek to intervene in the *Fish* Litigation, because the Litigation Trust knows that it has no standing to sue GreatBanc (*see* Section I.D. above).

> As this Court has recognized:
>
> Based upon the Memorandum Order and Federal Rule of Civil Procedure 24, it appears that the Litigation Trustee *may intervene in the Fish Litigation to assert his rights in that action to have issues raised by the Contested Matter determined*

*in the District Court. In fact, the District Court in its Memorandum has invited him to do so.* It is appropriate for this court to abstain… Section 1334(c)(1) of Title 28 provides as follows: Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. § 1334(c)(1). This provision not only applies to a bankruptcy court's abstention from state court proceedings, but also "in the interest of justice" with respect to matters pending in other district courts. (Dkt. 460 at pp. 11-12)

The rationale of this Court's previous Order is applicable here. Because essentially the same claim that the Litigation Trust has attempted to bring against GreatBanc in this Adversary Proceeding is currently pending as an ERISA claim brought by the successor ESOP Trustee and ESOP participants in the U.S. District Court for the Northern District of Illinois, it is entirely proper for this Court to abstain as to the Litigation Trust's claim against GreatBanc in this Adversary Proceeding.

## V.  CONCLUSION

For all of the reasons set forth above and in GreatBanc's Motion for Abstention, Or, In the Alternative, to Dismiss, GreatBanc respectfully requests that this Court dismiss GreatBanc from this Adversary Proceeding, or in the alternative, abstain as to the Litigation Trust's claim against GreatBanc.

                        GREATBANC TRUST COMPANY

                        By    /s/ *Julie A. Govreau*

                        MORGAN LEWIS & BOCKIUS LLP
                        Theodore M. Becker
                        Julie A. Govreau
                        77 West Wacker Drive, 5th Floor
                        Chicago, IL 60601
                        Phone:  312-324-1000
                        Fax:  312-324-1001
                        jgovreau@morganlewis.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Reply in Support of Defendant GreatBanc Trust Company's Motion for Abstention, or, In the Alternative, to Dismiss Plaintiff's Complaint is being filed electronically on this 19th day of April, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties not receiving service through the Court's electronic filing system will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ *Julie A. Govreau*
Julie A. Govreau

Gary J. Leppla
Leppla Associates
2100 S. Patterson Blvd.
Dayton, OH 45409-2024
*Counsel for Defendant Reliance Trust Co.*

Marcia Voorhis Andrew, Esq.
Taft Stettinius & Hollister LLP
425 Walnute Street, Suite 1800
Cincinnati, OH 45202
*Counsel for W. Timothy Miller, of The Antioch Company Litigation Trust*

R. Daniel Prentiss, Esq.
Prentiss Law Firm
One Turks Head Place, Suite 380
Providence, RI 02903
*Counsel for James Northrup*

Scott A. King, Esq.
Jennifer L. Maffett, Esq.
Thompson Hine LLP
2000 Courthouse Plaza NE
PO Box 8801
Dayton, OH 45401-8801
*Counsel for Malte VonMatthiessen, Dennis Sanan, Ben Carlson & Jeanine McLaughlin*

Robert A. Klinger, Esq.
Robert A. Klinger Co. LPA
525 Vine Street, Suite 2320
Cincinnati, OH 45202
*Counsel for Barry Hoskins, Kim Lipson-Wilson & G. Robert Morris*

W. Bard Brockman, Esq.
Matthew Pearce, Esq.
Bryan Cave LLP
One Atlantic Center, 14th Floor
Atlanta, GA 30309
*Counsel for Reliance Trust Company*

Theodore M. Becker, Esq.
Julie A. Govreau, Esq.
Morgan Lewis & Bockius, LLP
77 W. Wacker Drive, 5th Floor
Chicago, IL 60601
*Counsel for GreatBanc Trust Company*

Wendy S. Walker, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178
*Counsel for GreatBanc Trust Company*

James F. Wallack, Esq.
Vaness V. Peck, Esq.
Goulston & Storrs, PC
400 Atlantic Avenue
Boston, MA 02110
*Counsel for CRG Partners Group, LLC,*
*Michael Epstein & Paul Ravaris*

Ronald E. Gold, Esq.
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
*Counsel for CRG Partners Group, LLC,*
*Michael Epstein & Paul Ravaris*

Robert R. Kracht, Esq.
McCarthy, Lebit, Crystal & Liffman Co. LPA
101 West Prospect Ave., Suite 1800
Cleveland, OH 44115
*Counsel for Candlewood Partners LLC*

David M. Duwel, Esq.
Duwel Law
130 W. Second Street, Suite 2101
Dayton, OH 45402
*Counsel for Karen Felix*

Michael L. Scheier, Esq.
Bryan P. Muething, Esq.
Danielle M. D'Addessa, Esq.
David T. Bules, Esq.
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
*Counsel for Lee Morgan, Asha Morgan Moran, Chandra Attiken, Marty Moran, Lee Morgan GDOT Trust #1, Lee Morgan GDOT Trust #2, Lee Morgan GDOT Trust #3, Lee Morgan Pourover Trust #1 and Lee Morgan Pourover Trust #3*

Terence L. Fague, Esq.
Jonas J. Gruenberg, Esq.
Daniel J. Gentry, Esq.
Coolidge Wall Co., LPA
33 W. First Street, Suite 600
Dayton, OH 45402
*Counsel for Nancy Blair & Wayne Alan Luce*

**and on the following by ordinary U.S. Mail addressed to:**

Steve Bevelhymer
4102 Amy Brook Circle
Bellbrook, OH 45305

Frederick Walker
1454 Redsail Circle
Westlake Village, CA 91361

Houlihan Lokey Howard & Zukin, Inc.
191 N. Wacker Drive
30th Floor
Chicago, IL 60606