# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| IN RE THE ANTIOCH COMPANY, *et al.* ) | Case Nos. 08-35741 through |
| ) | 08-35747 |
| Debtors ) | (Jointly Administered Under |
| ) | Case No. 08-35741) |
| _____) | _____ |
| ) | |
| THE ANTIOCH COMPANY ) | Judge Guy R. Humphrey |
| LITIGATION TRUST, W. TIMOTHY ) | |
| MILLER, TRUSTEE, ) | Adversary Proceeding No. 09-03409 |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| LEE MORGAN, *et al.* ) | |
| _____) | |

## DEFENDANT RELIANCE TRUST COMPANY'S
## SURREBUTTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW Defendant Reliance Trust Company ("Reliance") and hereby files its surrebuttal brief in support of its Motion to Dismiss.

## ARGUMENT AND CITATION OF AUTHORITY

**I.   Reliance Owed No Duty to Antioch.**

Reliance moved to dismiss Plaintiff's professional negligence claim on the basis that it owed no duty to Antioch. [*See* Doc. 105.] In its surreply, Plaintiff argues that a duty arose by virtue of the engagement letter in which Antioch engaged Reliance as trustee of the ESOP. [Plaintiff's Surreply, Doc. 203, at ¶ 4.] Plaintiff further argues that a duty arose under the common law "by virtue of the circumstances surrounding Reliance's engagement with the Company." [*Id.* at ¶ 4.] Plaintiff is wrong on both counts.

A. **Reliance Owed No Duty to Antioch Under the Engagement Letter.**

Reliance was engaged to serve as "discretionary ESOP trustee" in connection with the potential sale of the Company. [*See* Complaint at ¶ 113.] Reliance's role as the "discretionary ESOP trustee" was defined in the August 23, 2007 engagement letter as follows:

> This letter will confirm the terms and conditions under which Reliance Trust Company has agreed to serve as a discretionary trustee under The Antioch Company, Inc. Employee Stock Ownership Plan (the "Plan" in connection with the proposal to engage in a transaction (the "Proposed Transaction"), whereby The Antioch Company ("Antioch") will be acquired by a to be determined buyer. [. . .] Reliance Trust Company shall assume fiduciary responsibility for determining, in consultation with its advisers, whether . . . the entire Proposed Transaction is fair from the financial viewpoint to the Plan and its participants.

[Reliance's Reply Brief, Doc. 173, at Ex. A.] Under the terms of this letter, Reliance was engaged as trustee *of the ESOP*. It was not engaged to provide any services to the Company.

Because Reliance was engaged to serve as the trustee of the ESOP, it was required to act solely in the interests of the ESOP participants. Reliance's duties and obligations as trustee of the ESOP are governed entirely by ERISA, particularly ERISA § 404(a). That section provides that a fiduciary shall discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries." As the Sixth Circuit has recognized, this exclusive purpose requirement requires ESOP fiduciaries to act "with an eye single to the interests of the participants and beneficiaries." *Kuper v. Iovenko*, 66 F.3d 1447, 1458 (6th Cir. 1995).

Nothing in ERISA creates a duty running from the trustee of the plan to the company that retained the trustee to serve in that capacity, which is what Plaintiff urges here. In fact, the Supreme Court has specifically stated that "the fiduciary requirements of ERISA *specifically insulate the trust from the employer's interest*." *NLRB v. Amax Coal Co.*, 453 U.S. 322, 333 (1981) (emphasis added). The Supreme Court further noted in *Amax Coal Co.* that the trustee "bears an unwavering duty of loyalty to the beneficiaries of the trust, *to the exclusion of the interests of all other parties*." *Id.* at 330 (emphasis added) (*citing* Restatement (Second) of Trust § 170(1); 2 A. Scott, Law of

2

Trusts § 170 (1967)). According to the Supreme Court, following the appointment of the trustee, the trustee must "overcome any loyalty to the interest of the party that appointed him." *Id.* Thus, although Reliance was retained as trustee by Antioch, its duties solely ran to the ESOP and its participants. If Reliance had also considered the interests of the Company, it would have violated its duty of loyalty to the ESOP participants.

Plaintiff also argues that there is nothing in the engagement letter that specifically states that Antioch retained Reliance in its capacity as plan sponsor or administrator of the ESOP. Therefore, according to Plaintiff, Antioch retained Reliance in its corporate capacity, and Reliance accordingly owes a duty to the Company. That argument fails, however, because Antioch could have only retained Reliance in its capacity as plan sponsor or administrator. Section 403 of ERISA addresses the appointment of ESOP trustees and it provides that a trustee not originally named in the plan instrument may only be appointed by a named fiduciary of the plan, such as the plan sponsor or administrator.[1] Specifically, ERISA § 403(a), 29 U.S.C. § 1103(a) provides that:

> [A]ll assets of an employee benefit plan shall be held in trust by one or more trustees. Such trustee or trustees shall be either named in the trust instrument or in the plan instrument described in section 1102(a) of this title or ***appointed by a person who is a named fiduciary*** . . . .

As a result, Antioch was acting in its fiduciary capacity as plan sponsor or administrator when it appointed Reliance as trustee of the ESOP. Reliance's appointment as trustee therefore could not have created any separate and independent duty running from Reliance to the Company.

## B. Reliance Owed No Duty to Antioch Outside of the Engagement Letter.

Plaintiff relies upon *Schachner v. Blue Cross & Blue Shield of Ohio*, 77 F.3d 889, 897 (6th Cir. 1996), and *Shepherd v. Cincinnati*, 860 N.E.2d 808, 812 (Ohio App. 1 Dist. 2006), in support

---

[1] Under ERISA, the "plan sponsor" is the employer. The "administrator" is the person or entity designated as administrator under the plan, or if there is no such designation, the employer. ERISA § 3(16), 29 U.S.C. § 1102(16).

3

of its argument that Reliance owed a duty to Antioch due to the "circumstances surrounding [the] engagement." Neither case is even remotely on point.

In *Schachner*, the Sixth Circuit: (1) affirmed the district court's finding that a participant's state law claims arising from the denial of health insurance coverage were preempted by ERISA; and (2) reversed the district court's grant of summary judgment to the defendant insurer because there were fact issues as to whether the plan covered the plaintiff's angioplasty procedure. *Schachner*, 77 F.3d at 891, 895-896. Plaintiff does not rely upon either of these two holdings, but instead appears to rely upon *dicta* in *Schachner* in which the Sixth Circuit noted that, despite the general rule under Ohio law that a tort claim cannot arise from the breach of a contract, there is an exception in situations where a "special or fiduciary relationship exists between the parties." *Id.* at 897. The Sixth Circuit made that observation in the context of its analysis of whether the plaintiff's bad faith claim against the insurer would be preempted by ERISA, a question that it answered in the affirmative. *Id.*

The Sixth Circuit's recognition that a tort claim can arise from a breach of contract where a fiduciary relationship exists among the contracting parties has no relevance here. No fiduciary relationship existed between Antioch and Reliance. Instead, Reliance's fiduciary duties were owed solely to the ESOP participants. Moreover, *Schachner* provides no support for the proposition that the trustee of an ESOP owes separate and independent duties to the company that retained it to serve in that capacity. Finally, the ultimate conclusion of the *Schachner* court was that all of the plaintiff's state law claims, whether based in tort or contract, were preempted by ERISA. Plaintiff does not mention that holding in its surreply.

Plaintiff's reliance upon *Shepherd v. Cincinnati*, 168 Ohio App. 3d 444, 860 N.E.2d 808 (Ohio App. 1st Dist. 2006) is baffling. The issue in *Shepherd* was whether a municipality had a duty to keep its streets and sidewalks free of nuisances such as potholes. The trial court held that it did,

and that finding was affirmed on appeal. *Id.* at 812. That holding has no bearing on any issue in this case, including whether Reliance, as trustee of the ESOP, owed an independent duty to Antioch.

Plaintiff's argument that Reliance owed an independent duty to Antioch is not only unsupported by authority, but it runs counter to one of the central purposes of ERISA. ERISA was enacted to provide a uniform and exclusive regulatory scheme applicable to fiduciaries of covered plans. 29 U.S.C. § 1001(b). If Plaintiff's argument is accepted, ERISA fiduciaries would be subject not only to the duties and obligations imposed by ERISA, but also to the varying fiduciary requirements of each of the fifty states. Courts have repeatedly rejected attempts to impose an "extra layer of regulation" on top of the civil enforcement scheme set forth in ERISA, and this Court should do the same. *Hutchinson v. Fifth Third Bancorp.*, 469 F.3d 583, 588 (6th Cir. 2006).[2]

## **CONCLUSION**

For the reasons set forth herein and in Reliance's previous briefs, Plaintiff's professional negligence claim against Reliance should be dismissed.

---

[2] Plaintiff also requests leave to amend the Complaint to assert a breach of contract claim if the Court concludes that Reliance owed no duty to the Company. Any such claim would be subject to dismissal for at least two reasons. First, the claim would fail because Reliance did not agree in the engagement letter to perform any services for Antioch. Instead, Reliance only agreed to perform services for the benefit of the ESOP. As discussed above, Reliance could not have agreed in the engagement letter to both perform services on behalf of the Company and the ESOP participants, due to ERISA's exclusive purpose requirement. *See* ERISA § 404(a).

Second, Plaintiff's proposed breach of contract claim would be preempted by ERISA because it would duplicate or supplement the civil enforcement scheme provided by ERISA, and also because it would implicate the relations among traditional plan entities. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004); *Smith v. Provident Bank*, 170 F.3d 609, 615-616 (6th Cir. 1999) (plaintiff's state law claims against trustee held to be preempted because Congress established the exclusive means by which fiduciary duties would be enforced); *Hutchinson v. Fifth Third Bancorp.*, 469 F.3d 583 (6th Cir. 2006) (affirming dismissal of breach of contract claim as preempted after determining that the claim would impermissibly add an "extra layer of regulation" on top of the civil enforcement scheme set forth in ERISA); *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005) (ERISA preempts any state law claims that implicate the relations between and among traditional plan entities, including the employer, the plan, the plan fiduciaries, and the beneficiaries).

Respectfully submitted this 4th day of May, 2010.

/s/ W. Bard Brockman
W. Bard Brockman (*admitted pro hac vice*)
Georgia Bar No. 084230
Matthew J. Pearce (*admitted pro hac vice*)
Georgia Bar No. 569019
BRYAN CAVE LLP
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309-3488
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

Gary J. Leppla
Leppla Associates
2100 S. Patterson Boulevard
Dayton, Ohio 45409-2024

Counsel for Defendant Reliance Trust Company

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| IN RE THE ANTIOCH COMPANY, *et al.* ) | Case Nos. 08-35741 through | |
| ) | 08-35747 | |
| Debtors ) | (Jointly Administered Under | |
| ) | Case No. 08-35741) | |
| _____ ) | _____ | |
| ) | | |
| THE ANTIOCH COMPANY ) | Judge Guy R. Humphrey | |
| LITIGATION TRUST, W. TIMOTHY ) | | |
| MILLER, TRUSTEE, ) | Adversary Proceeding No. 09-03409 | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| LEE MORGAN, *et al.* ) | | |
| _____ ) | | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May, 2010, the foregoing **DEFENDANT RELIANCE TRUST COMPANY'S SURREBUTTAL IN SUPPORT OF ITS MOTION TO DISMISS** was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

/s/ W. Bard Brockman
W. Bard Brockman

7