**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: April 28, 2011**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| In re:   THE ANTIOCH COMPANY, ET AL.,<br><br>                           *Debtor* | Case No.   08-35741 through 08-35747<br>(Jointly Administered Under Case No. 08-35741)<br><br>Adv. No.   09-3409 |
| THE ANTIOCH COMPANY LITIGATION TRUST, W. TIMOTHY MILLER, TRUSTEE,<br><br>                           *Plaintiff*<br><br>     v.<br><br>LEE MORGAN ET AL.,<br><br>                           *Defendants* | Judge Humphrey<br>Chapter 11 |

**Decision Denying Motion to Dismiss Count 13 and Granting
Motions to Dismiss Counts 14 and 15, Without Prejudice**

I.      **Introduction**

On December 23, 2009 W. Timothy Miller as the Trustee of the Antioch Company Litigation Trust (the "Litigation Trustee") filed a complaint (Doc. 1) against multiple defendants under various state law theories and also certain bankruptcy causes of action. All of the defendants filed motions to dismiss. This decision only addresses motions to dismiss the bankruptcy or "core" causes of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. The court is concurrently filing separate *Recommendations for the United States District Court for the Southern District of Ohio to Deny in Part and Grant in Part Various Defendants' Motions to Dismiss Certain Non-Core Causes of Action* concerning the state law causes of action, which are non-core proceedings.

II.     **Jurisdiction**

This court has jurisdiction over the core claims addressed in this decision under 28 U.S.C. § 1334(b). The parties agreed that Counts 13 and 14 are core claims. *See Stipulation of Plaintiff and Certain Defendants Concerning Core or Non-Core Nature Of Claims and Certain Jurisdictional Issues* (Docs. 225 & 226) and 28 U.S.C. § 157(b)(2)(A), (F) and (O). Thus, the court can enter final judgment as to those counts. While the parties stipulated that Count 15 is a non-core claim (Docs. 225 & 226), the court determines that Count 15 concerning the recovery of attorney fees is a core proceeding to the extent it seeks attorney fees under the equitable subordination and preference claims set forth in Counts 13 and 14.[1]

---

[1] Conversely, the court determines that Count 15 is a non-core proceeding or claim to the extent that it seeks attorney fees under Counts 1 through 12. The non-core aspect of Count 15 is addressed by the court in its *Recommendations for the United States District Court for the Southern District of Ohio to Deny in Part and Grant*

2

### III.     Standard for Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6), applicable to adversary proceedings through Federal Rule of Bankruptcy Rule Procedure (BR) 7012(b), for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint.  In determining a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Jones v. City of Cincinnati,* 521 F.3d 555, 559 (6th Cir. 2008), *quoting, DirecTV, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007).  However, in determining such a motion, a court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.*

The Supreme Court recently clarified the law concerning what a plaintiff must plead in order to survive a FRCP 12(b)(6) motion. *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009).  Under the standard established by *Bell Atlantic Corp. v. Twombly,* the Supreme Court had instructed lower courts to dismiss claims not supported by factual allegations sufficient to "state a claim to relief that is *plausible* on its face." 550 U.S. 544, 570 (2007) (emphasis added).  Some courts interpreted *Twombly* to only apply in antitrust cases and other courts found that *Twombly's* pleading requirements could be overcome with a mere assertion of a defendant's responsibility. *Iqbal* makes clear that *Twombly* is not so limited and buttresses the *Twombly* plausibility standard.  In *Iqbal,* quoting *Twombly,* the Supreme Court held that Rule 8(a) requires "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (internal citations omitted).  Furthermore,

---

*in Part Various Defendants' Motions to Dismiss Certain Non-Core Causes of Action* being concurrently filed with this Decision.

"[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

According to the Court, deciding the adequacy of a complaint requires a two-step analysis. First, a court should identify and reject legal conclusions unsupported by factual allegations, because conclusions masquerading as allegations "are not entitled to the assumption of truth." *Id.* at 1950. Insufficient are "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," "labels and conclusions," and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949. In sum, a complaint that alleges that a defendant caused a plaintiff's injury, without explaining how, does not meet the requirements of FRCP 8(a) and therefore cannot survive a FRCP 12(b)(6) motion. Second, a court should assume the veracity of "well-pleaded factual allegations" and should conduct a "context-specific" analysis that "draw[s] on [the court's] judicial experience and common sense" to determine whether the allegations "plausibly give rise to an entitlement to relief." *Id.* at 1950. Well-pleaded facts that "do not permit the court to infer more than the mere possibility of misconduct" are insufficient to show that plaintiff is entitled to relief. *Id .*

IV.    **Conclusions of Law as to the Motions to Dismiss Relating to the Core Claims**

    A.    **The Motion to Dismiss Count 13 Concerning Equitable Subordination is Denied**

Count 13 is a claim for equitable subordination against Chandra Attiken, Lee Morgan, Asha Morgan Moran, Lee Morgan GDOT Trust #1, Lee Morgan GDOT Trust #2, Lee Morgan

GDOT Trust #3, Lee Morgan Pourover Trust #1 and Lee Morgan Pourover Trust #2 (collectively, the "Equitable Subordination Defendants").

At the oral argument on the motions to dismiss counsel for the Equitable Subordination Defendants moved to dismiss this count "primarily on the *Iqbal/Twombly* line of cases." (Doc. 231, p. 211). Counsel for the Litigation Trustee agreed to waive further briefing and stand on the Litigation Trustee's previous arguments as to the other causes of action. *Id*. at 212.

Section 510(c) of the Bankruptcy Code addresses equitable subordination of claims filed in bankruptcy cases. Subsection (c)(1) states "Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may— (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part or another secured interest[.]" 11 U.S.C. § 510(c)(1). The Sixth Circuit has adopted a three part test for determining whether equitable subordination of a claim is appropriate: "(1) the claimant must have engaged in some type of inequitable conduct; (2) this misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant; and (3) equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act." *Bayer Corp. v. MascoTech, Inc. (In re Autostyle Plastics, Inc.)*, 269 F.3d 726, 744 (6th Cir. 2001).

Count 13 contains all the necessary elements of an equitable subordination claim described in *Autostyle Plastics* (Doc. 1, ¶¶ 234-244) and the factual allegations are sufficient under the *Twombly* and *Iqbal* standard. The complaint lists the amount of the claims of each

of the Equitable Subrogation Defendants (Doc. 1, ¶¶ 238-241). The factual allegations in the complaint, incorporated into Count 13 through paragraph 233, provide sufficient detail and grounds to state a claim upon which relief could be granted to equitably subordinate the claims of the Equitable Subordination Defendants. *See* Doc. 1, ¶¶ 9-11, 26, 33-74 and 78-164.

Accordingly, the oral motion to dismiss Count 13 is denied.

### B. The Motions to Dismiss Count 14 Concerning Preferential Transfers are Granted Without Prejudice to Plaintiff's Filing an Amended Complaint Containing Such Claims

Count 14 is a cause of action for preferential transfers and is brought against Steve Bevelhymer, Karen Felix, Lee Morgan, G. Robert Morris, and Kim Lipson-Wilson (collectively, the "Preference Defendants") for payments or other transfers made to them within one year prior to the filing of the bankruptcy petition.[2] The complaint alleges that these individuals and entities are insiders within the meaning of 11 U.S.C. § 101(31) and Exhibit A to the complaint lists the total amount sought from each defendant on this count. However, the complaint does not list the amounts or dates of any of the specific transfers, nor does it state any explanation for or description of the nature or purpose of the payments or transfers.

Section 547(b) of the Bankruptcy Code states that:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

---

[2] Count 14 against Chandra Attiken, Nancy Blair, CRG Partners Group, LLC, Levimo, LLC, Wayne Alan Luce, Jeanine McLaughlin, Asha Morgan Moran, James Northrup, Denis Sanan, Malte von Matthiessen and Frederick Walker has been dismissed with prejudice (Doc. 238).

    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;

    (4) made—

        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5) that enables such creditor to receive more than such creditor will receive if—

        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The complaint recites all of these elements of a preference claim (Doc. 1, ¶¶ 246-251).

The Preference Defendants argue in their motions to dismiss[3] that these claims are insufficiently plead under the *Twombly* and *Iqbal* standard because they fail to list the specific transfers as well the dates of those transfers. The court concludes that the complaint should include the date, the amount and the nature of each transfer alleged to have been preferential and for which judgment is sought for each of the Preference Defendants. The recitation of the elements with a total preference prayer amount for each Preference Defendant is inadequate under FRCP 8, made applicable to this proceeding by BR 7008, because the Preference Defendants cannot provide a complete response under Rule 12. *The State Bank and Trust Co. v. Spaeth (In re Motorwerks, Inc.)*, 371 B.R. 281, 293-94 (Bankr.

---

[3] *See Motions to Dismiss -- Docs. 143 & 159.*

S.D. Ohio 2007); *Giuliano v. U.S. Nursing Corp. (In re Lexington Healthcare Group, Inc.)*, 339 B.R. 570, 575 (Bank. D. Del. 2006); and *Birdsell v. U.S. West Newvector Group, Inc. (In re Cellular Express of Ariz., Inc.)*, 275 B.R. 357, 363 (Bankr. D. Ariz. 2002). However, a dismissal of this count with prejudice is inappropriate because the complaint can be amended with no discernable prejudice to any of the Preference Defendants. Further, the Litigation Trustee is entitled to some flexibility when filing a complaint based on information which may only be available through discovery. *Id.* [4]

Count 14 is dismissed as to all defendants named in that count, but without prejudice to the Trustee amending his complaint to address the deficiencies noted in this decision.

    **C.**    **The Motions to Dismiss Count 15 Concerning Attorney Fees as Relate to the Core Claims Described in Counts 13 and 14 are Granted Without Prejudice to the Litigation Trustee Filing an Amended Complaint Properly Pleading Entitlement to the Recovery of Attorney under those Counts**

The Litigation Trustee seeks the recovery of attorney fees through Count 15.[5] This count states: "Under applicable state and federal law, the Defendants are liable to the Litigation Trustee for his fees and costs in prosecuting the claims described in Counts One through Fourteen of this Complaint." (Doc. 1, ¶ 263). Certain defendants[6] have moved to dismiss Count 15 arguing that a claim for attorney fees is a remedy and not a cause of action

---

[4] The court does not find it necessary that the complaint list the specific antecedent debt for each Preference Defendant. The statement in ¶ 249 is sufficient. The Litigation Trustee should provide such information to all the Preference Defendants during preliminary discovery.

[5] Count 15 against Levimo, LLC has been dismissed, without prejudice (Doc. 238).

[6] *Motions to Dismiss* – Docs. 143, 147 and 153. The Defendants are Nancy Blair, Wayne Alan Luce, Frederick Walker, Chandra Attiken, Lee Morgan, Asha Morgan Moran, Lee Morgan GDOT Trust #1, Lee Morgan GDOT Trust #2, Lee Morgan GDOT Trust #3, Lee Morgan Pourover Trust #1 and Lee Morgan Pourover Trust #2, Jeanine McLaughlin, Denis Sanan and Malte von Matthiessen.

8

and also that Count 15 insufficiently provides a basis for attorney fees for each of the previous counts pled in the Complaint.

Bankruptcy Rule 7008(b) specifically requires that "[a] request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate." BR 7008(b).  Thus, the argument that a request for attorney fees is not a separate cause of action, at least for pleading purposes, contradicts the plain language of Bankruptcy Rule 7008(b) and is rejected. *Dukett v. Hess (In re Hess)*, 2009 WL 1617103, at *6, n. 2 (Bankr. N.D. Ohio March 12, 2009).

Further, the Sixth Circuit has ruled that "[c]laims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g).  In the absence of allegations that the pleader is entitled to attorney's fees, therefore, such fees cannot be awarded." *American Cas. Co. v. City of Detroit (In re American Cas. Co.)*, 851 F.2d 794, 802 (6th Cir. 1988), *quoting, Maidmore Realty Co. v. Maidmore Realty Co., Inc.*, 472 F.2d 840, 843 (3rd Cir. 1973). Federal Rule of Civil Procedure 9(g) applies to this adversary proceeding pursuant to BR 7009.

FRCP 8(a)(2), incorporated through BR 7008 sets out a plaintiff's requirements for pleading a claim in federal civil actions.  It provides that a "claim for relief" must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, as noted above, under *Twombly* and *Iqbal,* threadbare conclusory allegations and requests are not sufficient to state a claim for relief.  Rather, the allegations must be sufficient to "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.  Count 15 does not show that the Litigation Trustee is entitled to the relief requested in that count.

9

In order to meet the particularity requirement of FRCP 9(g) and the requirement that the pleader show that it is entitled to the relief, this court holds that a request for attorney fees in an adversary proceeding must: a) be plead as a separate claim pursuant to BR 7008(b); b) state the legal basis for the pleader's entitlement to attorney fees, including the particular independent but related counts for which attorney fees are sought and the statute or common law principle providing for the recovery of attorney fees under such count; and c) the facts that support the pleader's recovery of attorney fees under the applicable count and statute or common law principle. The facts supporting the pleader's entitlement to attorney fees, as is commonly done, may be incorporated from other parts of the complaint. Without such elements being stated, the court cannot determine that the pleader may be entitled to attorney fees.

Accordingly, as relates to this decision on the core claims, the Litigation Trustee must plead the specific underlying legal and factual bases entitling the Litigation Trustee to attorney fees for the preference and equitable subordination counts – Counts 13 and 14.[7] For these reasons, Count 15, as relates to the core claims, is dismissed without prejudice to the Litigation Trustee pleading the underlying bases for the recovery of attorney fees under Counts 13 and 14.[8]

---

[7] It is unclear whether the Litigation Trustee is seeking attorney fees relating to the core claims, Counts 13 and 14, and the court is not making any determination through this decision as to whether attorney fees may be recovered under such claims. Based upon the parties' stipulation that Count 15 is a "non-core claim," it may be that the Litigation Trustee is not seeking attorney fees with respect to those counts. *See Stipulation of Plaintiff and Certain Defendants Concerning Core or Non-Core Nature of Claims and Certain Jurisdictional Issues* (Docs. 225 & 226). An amended complaint can clarify that issue.

[8] The complaint should be amended to clearly describe the counts for which the Litigation Trustee is seeking attorney fees and the legal bases, such as the statute or common law principle, entitling the Litigation Trustee to attorney fees for such counts. The Defendants are unable to challenge the Litigation Trustee's request for attorney fees if they are not apprised of the counts for which the Litigation Trustee is seeking attorney fees

**V.        Conclusion**

The motion of the Equitable Subordination Defendants to Dismiss Count 13 is denied. The motions of the Preference Defendants to dismiss Count 14 are granted without prejudice.  The motions to dismiss Count 15 are also granted without prejudice as relates to recovery of attorney fees under the core claims, Counts 13 and 14.  The Litigation Trustee may amend his complaint consistent with this decision with respect to the deficiencies noted in this decision as to Counts 14 and 15.

**IT IS SO ORDERED**

Copies to:

All Filing Parties

MaryAnne Wilsbacher, U.S. Trustee Office, 170 North High Street, Suite 200, Columbus, OH 43215 (Assistant United States Trustee)

Jeremy Shane Flannery, Office of the United States Trustee, 170 North High Street, Suite 200, Columbus, OH 43215 (Counsel for the United States Trustee)

###

---

and the legal justification for such request. The American Rule disallowing attorney fees to the prevailing party except when specifically recognized by statute or common law, such as under a contractual provision for the payment of attorney fees, is still the prevailing rule both under federal law and Ohio law. *See Riddle v. Egensperger*, 266 F.3d 542 (6th Cir. 2001); *Argentine v. United Steelworkers of Amer.*, 287 F.3d 476, 488-89 (6th Cir. 2002); *Davidson v. Weltman, Weinberg & Reis*, 285 F. Supp.2d 1093 (S.D. Ohio 2003); *Wilborn v. Bank One Corp.*, 906 N.E.2d 396 (Ohio 2009) and *Nottingdale Homeowners' Ass'n, Inc. v. Darby*, 514 N.E.2d 702 (Ohio 1987).